ROBERTSON<br>*v.*<br>SCALES.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ESTATE OF MAILLON, f. w. c., *v.* H. LYNCH & Co. et al.

The engagements and stipulations made in favor of a slave are not absolutely null and void, and cannot be utterly disregarded and treated as pure and simple nullities by all mankind, but only by such persons as have an adverse interest.

A purchase made by a slave, cannot be inquired into and disturbed by one who is not affected by it; for as to such a one, if the object of the contract of sale does not belong to the slave, it enures to the benefit of the master, who alone is at liberty at any time to claim the object; and the fact that, apparently, the owner has not exercised his right, will not enable a party, who has failed to show any adverse interest in himself, to disturb the purchase made by a slave.

Where the seizure of land was enjoined, upon the ground that the plaintiffs in injunction had acquired such land at a Sheriff's sale, and the defendant raised the objection of want of registry of such sale in the Recorder's Office—*Held*: That, where the evidence discloses no title in the seized debtor, the defendants having no interest in the matter, this objection cannot be urged by them.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J. *Osborn & Shropshire*, for plaintiff and appellant. *Hyman & Cazabat*, for defendants.

DUFFEL, J. The administrator of the succession of *M. Maillon*, f. w. c., enjoined, by way of third opposition, the sale of a certain landed property, seized by the Sheriff, on two writs of *fi. fa.* issued at the instance of the defendants against *Littleton Baily*, on the allegation that the property belongs to the succession.

It appears that the land in question was acquired by *M. Maillon* at a Sheriff's sale made on the 17th of January, 1842, by virtue of two executions issued by the District Court of the parish of Rapides, at the suits of *Littleton Bailey* v. *W. H. Gill et al.*, No. 850, and *W. H. White* v. *W. H. Gill et al.*, No. ——.

It further appears that, at the date of said purchase, *Maillon* was a slave, and that she was emancipated according to the forms of law on the 2d of March, 1843, by her master and owner, *Luke Valentine*, f. m. c.

The evidence is silent as to the possession and occupancy of the land, from the date of the above Sheriff's sale to the date of the seizure made by the defendants, nor does the evidence disclose any title in the seized debtor, *Littleton Bailey*. The title of *Maillon* is resisted on the charge of fraud and simulation, growing out of the fact that it was made to a slave.

The District Judge dissolved the injunction, and condemned the succession and the sureties on the injunction bond to pay $290 special damages. The administrator appealed.

No one will deny that slaves labor under disabilities in all contracts. C. C. 35,

# 548

# SUPREME COURT OF LOUISIANA.

MAILLON
v.
LYNCH

174, 1775. Yet they may contract for their masters, who may enforce their contracts. C. C. 1783, 1785. Hence, the engagements and stipulations made in favor of a slave are not absolutely null and void, and cannot be utterly disregarded and treated as pure and simple nullities by all mankind, but only by such persons as have an adverse interest.

If the above propositions be true, it then follows that a purchase made by a slave cannot be inquired into and disturbed by one who is not affected by it; for, as to such a one, if the object of the contract of sale does not belong to the slave, it enures to the benefit of the master, who alone is at liberty, at any time, to claim the object; and the fact that, apparently, the owner has not exercised that right, can in no way better the position of the defendants in injunction, who have failed to prove, by any evidence, title or even possession in their debtor.

And as to the want of the registry of the Sheriff's sale in the Recorder's Office, we are of opinion, that as the defendants, according to the above view of the case, have no interest in the matter, the objection cannot be urged by them.

It is, therefore, ordered, that the judgment of the District Court be reversed; and it is further ordered and decreed, that the writ of injunction herein issued be perpetuated, and that the defendants in injunction pay the costs of both courts.